UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 17-20830-02 |
| v. | Hon. Robert H. Cleland |
| D-2 Danial Dabish, | Offense: Mail Fraud<br>18 U.S.C. § 1341 |
| Defendant. | **Maximum Penalty:**<br>20 years in custody |
| | **Maximum Fine:**<br>Not to exceed $250,000 |
| | **Maximum Supervised Release:**<br>Up to 3 Years |

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant DANIAL DABISH [DABISH] and the government agree as follows:

1. **Guilty Plea**

   A. **Count of Conviction**

   DABISH will enter a plea of guilty to Count One of the Superseding Information which charges him with mail fraud in violation of 18 U.S.C. § 1341.

1                                                    Defendant's Initials: _JD-D_

B.  **Elements of the Offense**

The elements of Count One are:

(a) the defendant knowingly participated in a scheme to defraud in order to obtain money, as alleged here, from the payment of false claims to insurance companies;

(b) the scheme included a material misrepresentation or concealment of a material fact;

(c) the defendant had the intent to defraud; and

(d) the defendant used the mail or caused another to use the mail in furtherance of the scheme.

C.  **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

From in about January 2014 through in or about January 2016, DABISH operated an automotive repair facility specializing in collision repairs located at 14900 Livernois, Detroit, Michigan known, among other things, as "Livernois Collison" and "D&D Collison."

During that period, DABISH devised and executed a scheme to defraud automobile insurance companies, including Geico and Auto Owners Insurance Company, to obtain money from those companies by submitting inflated false and fraudulent claims for automotive repairs performed at Livernois Collision/D&D Collison. These claims contained material false statements pertaining to the nature of the covered damages to the vehicles and the cost and nature of the replacement parts used in the repairs.

As part of the scheme to defraud, and in order to initially get the vehicles subject to false claims into the shop, DABISH paid some Detroit Police Officers, including Officer Deonne Dotson, money in exchange for being influenced and rewarded in their official capacities as police officers to

direct the towing of damaged or abandoned vehicles to the defendant's collision shop for repair.

In processing these claims, and to further the above-described scheme, DABISH both sent documents to insurance companies using the United States Postal Service and caused the insurance companies, to whom the false claims were made, to send payments, in the form of checks, by U.S. mail.

On or about April 23, 2014, in the Eastern District of Michigan, DABISH, in furtherance of the above-described scheme, caused Auto-Owners Insurance to send checks in the total amount of $3,273.64 to a vehicle owner whose initials are LS, who then brought the checks to DABISH at his instruction. The checks represented payment for a fraudulently inflated insurance claim that DABISH had submitted pursuant to the scheme.

Altogether, DABISH obtained more than $15,000 but no more than $40,000 in this way.

2. **Sentencing Guidelines**

    A. **Standard of Proof**

    The Court will find sentencing factors by a preponderance of the evidence.

    B. **Agreed Guideline Range**

    There are no sentencing guideline disputes. Except as provided below, the guideline range is **8 - 14 months**, as set forth on the attached worksheets. If the Court finds:

    > 1. That defendant's criminal history category is higher than reflected on the attached worksheets, or
    >
    > 2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

3                                                                  Defendant's Initials: _JD_

and if any such finding results in a guideline range higher than **8 – 14 months,** the higher guideline range becomes the **agreed range.** The Court is not bound by this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Rule 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than the top of the sentencing guideline range as determined by Paragraph 2B.

4                                                                                       Defendant's Initials: _____

B.   **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C.   **Special Assessment**

Defendant will pay a special assessment of $100.00.

D.   **Fine**

There is no agreement as to fines.

E.   **Restitution**

The Court shall order restitution to every identifiable victim of defendant's offenses and all relevant conduct. The amount will be determined prior to sentencing.

4.   **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made

5                                                                     Defendant's Initials: _JJ. JJ_

under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5.  **Each Party's Right to Withdraw from This Agreement**

The recommendations in Paragraph 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

6.  **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 14 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 8 months, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

7.  **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s)

6                                                                    Defendant's Initials: _JB_JB_

becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the

7

Defendant's Initials: JY JY

government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

10. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 3/1/2019. The government reserves

the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

_____         _____
JOHN K. NEAL                            SARAH RESNICK COHEN
Assistant United States Attorney        Assistant United States Attorney
Chief, White Collar Crimes Unit         Public Corruption Unit

_____         _____
DAVID GARDEY                            CRAIG A. WEIER
Assistant United States Attorney        Assistant United States Attorney
Chief, Public Corruption Unit           White Collar Crimes Unit

Date: 3/7/19

8                                                      Defendant's Initials: _____

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____  
STEVEN ALAN HANEY  
Attorney for Defendant  

Date: 3/1/19

_____  
DANIAL DABISH  
Defendant  

Date: 3-1-19

9                                                 Defendant's Initials: _____

# WORKSHEET A
## OFFENSE LEVEL

Defendant **Danial Dabish**  District/Office **Eastern District of Michigan**

Docket Number _____

Count Number(s) **1**   U.S. Code Title & Section **18** : **1341** ; ____ : _____

*Guidelines Manual* Edition Used: 20**18** (*Note:* The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (See Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2B1.1(a)(1) | base | 7 |
| 2B1.1(b)(1)(C) | loss greater than $15k | 4 |
| | | |
| | | |
| | | |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.   Sum [ ]

### 2. Victim-Related Adjustments (See Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".   § _____ [ ]

### 3. Role in the Offense Adjustments (See Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".   § **3B1.1(c)** [ **2** ]

### 4. Obstruction Adjustments (See Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".   § _____ [ ]

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.   [ **13** ]

☑ Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

☑ If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET D
## DETERMINING THE SENTENCE
[Page 1 of 4]

Defendant  Danial Dabish   Docket Number _____

**1. Adjusted Offense Level (From Worksheet A or B)**

If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.   **13**

**2. Acceptance of Responsibility (See Chapter Three, Part E)**

Enter the applicable reduction of 2 or 3 levels. If no adjustment is applicable, enter "0".   **−2**

**3. Offense Level Total (Item 1 less Item 2)**   [ ]

**4. Criminal History Category (From Worksheet A or C)**

Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.   [ ]

**5. Terrorism, Career Offender, Criminal Livelihood, Armed Career Criminal, Repeat and Dangerous Sex Offender (See Chapter Three, Part A, and Chapter Four, Part B)**

a. **Offense Level Total**
If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".   **11**

b. **Criminal History Category**
If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".   **I**

**6. Guideline Range from Sentencing Table**

Enter the applicable guideline range from Chapter Five, Part A, in months.   **8** to **14**

**7. Restricted Guideline Range (See Chapter Five, Part G)**

If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".   to **n/a**

[ ] Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment (See §5G1.3)**

[ ] If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

_____

_____

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant: Danial Dabish                    Docket Number: _____

## 8. Sentencing Options (See Chapter Five Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐ **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:
- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☑ **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by*:
- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of **at least one month plus supervised release** with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐ **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by*:
- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of **at least one-half of the minimum term plus supervised release** with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☐ **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant <u>Danial Dabish</u>    Docket Number _____

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

a. **Imposition of a Term of Supervised Release:**

☐ Ordered because required by statute (*See* §5D1.1(a)(1)).

☐ Ordered because a sentence of imprisonment of more than one year is imposed (*See* §5D1.1(a)(2)).

☐ Is **not** ordered although a sentence of more than one year is imposed, because it is not required by statute **and** the defendant likely will be deported after imprisonment (*See* §5D1.1(c)).

☐ Ordered because it may be ordered in any other case (*See* §5D1.1(b)).

b. **Length of Term of Supervised Release**

Check the Class of the Offense:

☐ Class A or B Felony: Two to Five Year Term (*See* §5D1.2(a)(1))

☑ Class C or D Felony: One to Three Year Term (*See* §5D1.2(a)(2))

☐ Class E Felony or Class A Misdemeanor: One Year Term (*See* §5D1.2(a)(3))

☐ If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (*See* §5D1.2(c)):

_____ years mandatory minimum term of supervised release

☐ If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (*See* §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:

_____

_____

b. Enter whether restitution is statutorily mandatory or discretionary:

_____

c. Enter whether restitution is by an order of restitution, or **solely** as a condition of supervision. Enter the authorizing statute:

_____

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant **Danial Dabish**  Docket Number _____

### 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

| | | Minimum | Maximum |
|---|---|---|---|
| a. | **Special Fine Provisions** ☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)). Enter the sum of statutory maximum fines for all such counts. | | $250,000 |
| b. | **Fine Table (§5E1.2(c)(3))** Enter the minimum and maximum fines. | $4,000 | $40,000 |
| c. | **Fine Guideline Range** (Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))). | $4,000 | $250,000 |
| d. | **Ability to Pay** ☐ Check this box if the defendant does not have an ability to pay. | | |

### 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:** $100.00

### 15. Factors That May Warrant a Departure (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

5K1.1 Substantial Assistance.

### 16. Factors That May Warrant a Variance (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

Completed by **Craig Weier**  Date **2/28/19**